D. L. McDONOUGH, Respondent, v. W. P. SMITH,
APPELLANT.

APPEAL—FINDINGS OF FACT.—Where the evidence is conflicting, the
findings of the lower court will not be held erroneous, unless the
error is clear and the finding against the weight of the evidence.

APPEAL from a judgment of the district court of the
second district, and from an order refusing a new trial.
The facts are stated in the opinion.

*Mr. Charles W. Zane*, for appellant.

*Mr. Presley Denney*, for respondent.

ZANE, C. J.:

This cause was instituted in the second judicial dis-
trict court in order to recover $150, with interest, alleged
to have been paid by plaintiff to defendant through mis-
take. A trial by jury was waived, and the case was tried
by the court. The court found from the evidence that the
plaintiff executed a note to defendant for the sum of $200
borrowed by one Josiah Rogerson; that after the note be-
came due, Rogerson paid it, but after the payment the
defendant, Smith, instituted a suit upon the note against
the plaintiff in a justice's court of Beaver county, and
without service of summons, and without the knowledge
of the plaintiff, then defendant, obtained a judgment for
the amount of the note with interest; that a few days
thereafter the plaintiff's wife, in the absence of her hus-
band, in order to prevent a levy under an execution issued
on the judgment in the justice's court, with plaintiff's
money paid $150 to defendant. From these findings of
fact the court stated as a conclusion of law that plaintiff
was entitled to recover the $150 with interest, and entered
judgment accordingly. To reverse this judgment the de-
fendant has appealed to this court. The defendant assigns

as error the findings of the court below that Rogerson paid the note upon which the judgment was rendered in the justice's court; and, also, in finding that the defendant in the justice's court, here plaintiff, was not duly served with notice of the pendency of the suit.

We have considered the evidence as to these facts, as it appears in the record, and, while the evidence is conflicting, we are not satisfied that the weight of the evidence is against either of the findings of the court below. This court will not reverse a judgment of a lower court because of alleged error in finding any essential fact when there is doubt as to which side the evidence preponderates. Such an error must be clear, and the conviction must be abiding, and the court satisfied before reversal for such an error. We find no error in this record.

The judgment of the court below is affirmed.

BOREMAN, J., and HENDERSON, J., concurred.